THE STATE OF NEW JERSEY, PLAINTIFF, v. JOHN A.
SEPEDE, DEFENDANT.

Bergen County Court
Law Division

Argued June 22, 1962—Decided August 6, 1962.

*Mr. George B. Gelman,* Assistant Prosecutor, appeared for plaintiff (*Mr. Guy W. Calissi,* County Prosecutor of Bergen County, attorney).

*Mr. Albert G. Besser* appeared for defendant (*Messrs. Hannoch, Weisman, Myers, Stern & Besser,* attorneys; *Mr. Herbert M. Guston* on the brief).

G. H. Brown, J. C. C. The defendant moves to quash indictment S–352–60 in which he is charged with "misconduct in office" as Lodi borough engineer. It is therein alleged that he knowingly violated official duties to determine the propriety of certain vouchers submitted by a contractor and to prevent the latter from unlawfully obtaining money thereunder.

The State points out that this motion directed to indictment defects has been made about a year after the

plea was entered, despite the provision of *R. R.* 3:5–5(b)(3). The rule requires that such a motion shall precede the plea except that with court permission it may be made thereafter. Under all the circumstances, the motion should be considered on its merits. The trial will be lengthy. In such a case matters of law should be tested in advance. The trial has been scheduled for the fall term for reasons not connected with this motion. It has not delayed the trial and therefore the defendant took initiative within a reasonable time.

■ The alleged duties were not specified and imposed by any statute or ordinance. They were nevertheless incumbent upon the defendant, according to the indictment, by virtue of his public office and because they were assigned to him by the borough manager.

The defendant argues that there is no fundamental or generally recognized burden on a municipal engineer to perform such auditing functions. For this reason, it is contended, the source of the duty cannot be the office *per se.*

Resolution of the issue is not necessary. The indictment can be supported by the allegation that the defendant's duties were assigned to him. *R. S.* 40:81–10 enables a municipal council to define the powers and duties of "such executive and administrative departments, boards and offices" as it may *create.* But there is nothing in the statute to inhibit a municipal manager's assignment of an item of responsibility to an official already acting in his administration. *R. S.* 40:82–4(f) requires a manager to ensure the faithful performance of municipal contracts. The allegation that the borough manager gave this express responsibility to the defendant with respect to the specified vouchers sets up a proper source of duty. A like action by the manager in *State v. Begyn,* 34 *N. J.* 35 (1961), sufficed to fasten upon the defendant there a duty which may or may not have been strictly inherent in his office. The court, in that case, said:

"The relevant duties actually assigned and undertaken are controlling in this type of situation. * * *" (at *p.* 42).

The opinion in *Mara v. Parsippany-Troy Hills Twp.,* 24 *N. J.* 113 (1957), cited by the defendant, does not say that the delegation of an explicit added duty is beyond the power of a municipal manager. It holds only that he cannot deprive the governing body of its prerogative to establish the office of a department head.

Action by the municipal manager of the kind described in the indictment would be enough to obligate the defendant. It is noted, however, that the governing body also referred the vouchers to him for examination and inspection, according to an allegation in the fourth paragraph of this indictment.

The indictment states that the defendant "did * * * recommend" payment of the vouchers. Such an affirmative act on the part of the defendant would necessarily import his awareness of some measure of responsibility in the auditing area.

The defendant insists that the indictment is defective because it is vague and indefinite. He complains that he cannot know from its language what he must be prepared to refute. In particular, it is said, the statement of his duty as that of using "all lawful, proper, reasonable and effective means and diligence" is so indefinite as to say nothing about what he should have done. This indictment does not leave the defendant to speculate about what conduct would be right. It precisely informs him of the respects in which his official conduct is deemed to have been wrong. What he must refute are substantially the following specifications: he recommended payment of designated vouchers without performing the duty of verifying their correctness or determining that the amounts charged were reasonable and proper; he recommended payment of the vouchers in the sum of $8,786.74, which vouchers were false and which money the defendant knew

the contractor was not entitled to receive; and he knowingly aided, assisted and counseled the contractor in procuring such payment.

Thus, the alleged offense of the defendant is outlined. It emerges with sufficient clarity from verbiage which could cause pain to a grammarian. These are the contentions the defendant must meet on the trial. The court in *State v. Ellenstein,* 121 *N. J. L.* 304 *(Sup. Ct.* 1938), cited by the defendant, struck down the indictment because its language did not disclose "what particular crime was intended to be charged. * * * If a plea of guilty were entered, no information of the actual offense would be carried by the pleadings." (At *p.* 319.) Such is not the case here. And it should be noted that the fault in *Ellenstein* did not spring from the language in which the duty was charged, as the defendant's brief seems to imply.

▉ Should the indictment be quashed because it is fatally duplicitous? The defendant attacks it as producing a prejudicial commingling of two distinct common law crimes—nonfeasance and misfeasance. In the case of *State v. Winne,* 12 *N. J.* 152 (1953), to which the defendant refers, there was an indictment for "criminal nonfeasance in office." The Supreme Court adverted to the nature of misfeasance and malfeasance as separate common law crimes because counsel's use of decisions involving such offenses was deemed to be inappropriate in a nonfeasance case. The three crimes should not be considered as one and the same, the court said, because that treatment would inevitably tend "to confusion of thought and consequently to error in law." (At *p.* 163.) Nothing was said to indicate that there would be an effect prejudicial to a defendant if the elements of two such offenses should be charged in the same count. Nor does the *Winne* decision stand for the proposition that "misconduct in office" is not a common law offense.

The Supreme Court in *Begyn, supra,* at *page* 48, recognized the common law origin of the crime. It said that

"Definitions of misconduct in office are necessarily broad." It termed "apt" the following expression:

"Misconduct in office is corrupt misbehavior by an officer in the exercise of the duties of his office or while acting under the color of his office." (at *p*. 49)

If the defendant acted in the manner of which he is accused in this indictment, he is guilty of misconduct in office. And so long as the conduct charged against him relates to a single subject matter, as it does, it should not be significant that acts of so-called "nonfeasance" and "misfeasance" are jointly involved.

For the foregoing reasons, the motion to quash the indictment is denied.